THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: March 29, 2010



_Susan V. Kelley_
Honorable Susan V. Kelley
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In Re: Richard P. and Judy A. Lane                               Case no. 07-22266
    Debtors.
_____

Richard P. and Judy A. Lane,
    Plaintiff,
    (Debtors and State Court Defendants),
                                          Adversary No. 09-02128
vs.

The Solar Mining Company, LLC,
John Kress, and Irene Kress,
    Defendants.
    (Creditors and State Court Plaintiffs).

_____

## ORDER
_____

      This matter coming before the Court and a trial being held on February 26, 2010, before the Honorable Susan V. Kelly. The issue(s) before the Court was whether the Defendants could establish Plaintiff Richard Lane's conduct was of the kind and nature to be excepted from dischargeability of the debt under 11 U.S.C.A. § 523. Appearing were

Drafted by:
Kenneth R. Baumgart
Tina M. Dahle, S.C.
700 East Walnut Street
Green Bay WI
920 437-1049 /920 437-1103 (fax)
Email: Kbaumgart@tinadahlelawfirm.com

the Plaintiffs, Richard and Judy Lane, as well as Attorney Elizabeth Kremer and Attorney Randall Gast for the Plaintiffs; Defendants, John Kress, individually and on behalf of Solar Mining Company, as well as Attorney Kenneth Baumgart for the Defendants.

The Court having received testimony, reviewed the evidence in this case and upon due consideration including the arguments of counsel, the Court issued its decision and determined that the Defendants could not meet the burden of proof as it related to the claims for fraud and misrepresentation, and found the bulk of the debts dischargeable as they relate to Richard Lane. Because no testimony was given or evidence submitted as to any involvement whatsoever by Judy Lane, the Court held all debts dischargeable as they relate to Mrs. Lane.

However, as to the claim for improper removal of company property, the Court found that Defendant did meet its burden of proof and in fact that Richard Hill admitted that he received and held company property.

**It is therefore Ordered** that a Judgment be issued in favor of John Kress and in the amount of $4050 against Richard Lane as a result of conversion of those assets.

# # # # #